*Tagged Opinion*
*Do not publish*



ORDERED in the Southern District of Florida on November 4, 2021.

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                          CASE NO.: 21-16807-LMI

MARIA SANZ,               Chapter 7

     Debtor.
_____/

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S
MOTION FOR SANCTIONS AND ATTORNEY'S FEES**

This matter came before the Court on September 27, 2021 on DEBTOR'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AGAINST GFT RECOVERY, LLC, FOR THE WILLFUL VIOLATION OF 11 U.S.C. § 362 (ECF #17)(the "Sanctions Motion"). The Court having considered the argument of counsel, subsequent written submissions and applicable law, finds that GFT

RECOVERY, LLC ("GFT") did not violate the automatic stay and therefore should not be sanctioned.[1]

The Debtor alleges that, pre-petition, GFT wrongfully garnished a bank account belonging to the Debtor's employer, but which bank account includes the Debtor as an authorized signator (the "Bank Account").  The Sanctions Motion alleges that GFT refused to release the garnished Bank Account after the Debtor filed her bankruptcy case and that that refusal, *if* the Bank Account is property of the Debtor or property of the estate, is a violation of the automatic stay.[2]  At the hearing counsel for GFT advised that, while GFT has not moved to dissolve the garnishment, GFT has not taken any further action with respect to the Bank Account.

If the Bank Account is *not* the Debtor's property, then the automatic stay has not been violated by GFT's failure to request that the garnishment be dissolved.  If the Bank Account *is* the Debtor's property, because GFT did not take any further action with respect to the Bank Account, that failure to act is not a violation of the automatic stay.  *See In re Giles,* 271 B.R. 903 (Bankr. M.D. Fla. 2002); *accord Chicago v. Fulton,* 141 S.Ct. 585 (2021).

# # #

Copies furnished to:
Noam Cohen, Esq.
Michael Marcer, Esq.

---

[1] Nothing in this Order is intended to opine as to the appropriateness of GFT's position that the bank account in question has been properly garnished.  That is a matter for the state court to consider.

[2] The Court notes that the Debtor received her discharge while this matter was pending before the Court.  Nothing in this order is intended to address whether and to what extent the discharge injunction of 11 U.S.C. §524 impacts the continued garnishment of the funds.

*Movant is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*